# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CR-0061-CVE |
| | ) |
| LUIS FELIPE FAZ, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is the Motion to Join Cases (Dkt. # 27) filed by the United States. The United States requests that the Court join this case with Case No. 07-CR-018-CVE, United States v. Devin Lee Melcher, Anthony Dale McCauley, Jr., Santana Roth McCauley, and Luis Felipe Faz, pursuant to Fed. R. Crim. P. 13. Defendant Luis Felipe Faz ("Faz") objects to the motion. See Dkt. # 28.

In this action, Faz is charged in the Indictment (Dkt. # 2) with four counts: (1) possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); (3) knowingly possessing a firearm after former felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (4) possession of a firearm after a previous conviction of the crime of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).[1] All four counts stem from events occurring on November

---

[1] Faz has filed a Motion to Compel Election (Dkt. # 20) wherein defendant argues that the Counts Three and Four and multiplicitous. That motion is still pending and is not addressed in this Opinion and Order.

25, 2006. On that day, the police apprehended Faz in a parking lot of an apartment complex located at 9743 East 12th Street in Tulsa, Oklahoma and seized a firearm and methamphetamine.[2]

In <u>United States v. Melcher et al.</u>, 07-CR-018-CVE, Faz was arraigned on May 29, 2007, after the other three defendants. Faz, along with the other three defendants, is charged in Count One of the Third Superceding Indictment (Dkt. # 78) with conspiracy in violation of 21 U.S.C. § 846. The alleged objects of the conspiracy are (1) to knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, and (2) to knowingly and intentionally distribute and possess with intent to distribute 80 pounds or more of marijuana. The Third Superceding Indictment lists 69 overt acts, many of which involve Faz, including:

> 22. On or about November 25, 2006, Luis Felipe Faz possessed with intent to distribute fifty (50) grams or more of a mixture and substance containing a detacatable amount of methamphetamine at the Landing Apartment Complex in Tulsa, Oklahoma.
> 23. On or about November 25, 2006, Luis Felipe Faz possessed $5,316 in illegal drug proceeds on his person at the Landing Apartment Complex in Tulsa, Oklahoma.
> 24. On or about November 25, 2006, Luis Felipe Faz possessed a loaded H&K (Heckler & Koch), Model USP Compact, .357 Sig caliber semi-automatic pistol, Serial Number 111-001078, at the Landing Apartment Complex is Tulsa, Oklahoma.
> 25. On or about November 25, 2006, Luis Felipe Faz possessed a notebook with drug notations and names, including but not limited to "San" and "Chino", at the Landing Apartment Complex in Tulsa, Oklahoma.

Dkt. # 78, at 8. Faz is not charged in Counts Two, Three, Four, Five or Six of the Third Superceding Indictment.

Fed. R. Crim. P. 13 reads:

---

[2] Faz has filed a Motion to Suppress (Dkt. # 19) wherein defendant seeks to exclude the evidence obtained on November 25, 2006. Again, that motion is pending and is not the subject of this Opinion and Order.

2

> The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

In determining whether to try two separate indictments together, the Court examines whether the requirements of Fed. R. Crim. P. 8 have been met. See 1A CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL, § 212 (3d 1999). Fed. R. Crim. P. 8 reads:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Since this case involves more than one defendant, the Court focuses on Fed. R. Crim. P. 8(b). See 1A CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL, § 144 (3d 1999) ("It has been firmly established in the case law that the propriety of joinder in cases where there are multiple defendants must be tested by Rule 8(b) alone and that Rule 8(a) has no application.").[3]

Under Fed. R. Crim. P. 8(b), "[t]he test for a proper joinder is a common thread to each of the defendants." United States v. Rogers, 921 F.2d 975, 984 (10th Cir. 1990). "This link between defendants may be established by common evidence as to various counts." Id. Here, there is

---

[3] To the extent that the requirements of Rule 8(a) must be met as well, the Court finds that the substantive drug and firearm charges in this action and the conspiracy charge in United States v. Melcher et al. "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); see Jones, 2002 WL 32067555 at *2 (finding that the substantiative charge in one indictment and the conspiracy charge in another indictment met the requirements of Rule 8(a)).

3

common evidence between the counts alleged in this action and Count One in <u>United States v. Melcher et al.</u>  As noted above, some of the overt acts alleged in Count One of the Third Superceding Indictment in <u>United States v. Melcher et al.</u> stem directly from the crimes charged in the Indictment in this action.  It follows that, in attempting to prove beyond a reasonable doubt that Faz is guilty of conspiracy in <u>United States v. Melcher et al.</u>, the United States will introduce evidence concerning the events on November 25, 2006.  That same evidence would be presented in this action.  In other words, the jury would hear evidence in the trial of this action that would be admissible in support of the overt acts alleged in the conspiracy charge of 07-CR-018-CVE.  Moreover, it is well established that conspiracy and the substantive crime which is an object of the conspiracy may be included as separate counts in a single indictment.  <u>See</u> <u>Scott v. United States</u>, 115 F.2d 137 (10th Cir. 1940).  Because the crimes charged in the Indictment in this action and the crime of conspiracy charged in <u>United States v. Melcher et al.</u> could have been charged in a single indictment, and because there is common evidence as to the conspiracy charge and the substantive crimes, the Court finds that Rules 8 and 13 permit the Court to try the two indictments together .  <u>See,</u> e.g., <u>United States  v. Pullings</u>, 321 F.2d 287, 295 (7th Cir. 1963) (overruled in part on other grounds) (holding that the consolidated charges of conspiracy and the substantive crimes relating to overt acts in a conspiracy could have been included in a single indictment, and thus consolidation for trial was proper under the provisions of Rules 8 and 13); <u>United States v. Jones</u>, 2002 WL 32067555 (W.D. Va. Nov. 25, 2002) (same).

The fact that the requirements of Rule 8(b) are met does not end the Court's inquiry.  As evidenced by the use of the word "may" in Rule 13, the Court has discretion to refuse a joint trial even though the requirements of Rule 8 are met.  <u>See</u> 1A CHARLES A. WRIGHT, FEDERAL PRACTICE

AND PROCEDURE: CRIMINAL, § 212 (3d 1999) ("In this respect there is a difference between Rule 8(a)[4] and Rule 13. Under Rule 8(a) the grand jury, or the prosecutor, may join as a matter of right offenses related as required by that rule. If this is not done initially, and trial together is sought, it is the court that must act, and the court has discretion to refuse a joint trial though the requirements of Rules 8(a) and 13 are satisfied."); United States v. Smith, 1997 WL 50294 (D. Kan. Jan. 6, 1997) (holding that, even though the requirements of Rule 8 were met, it was not appropriate to try the indictments together because the United States planned to call defendant's attorney as a witness to prove the charge in one of the indictments). In determining whether to try the indictments together, the Court should examine the sometimes conflicting policies of promotion of judicial economy and the protection of criminal defendants from prejudice. Here, the interest of judicial economy weighs heavily in favor of joining the cases because the same evidence presented in this action would be presented to prove the conspiracy in United States v. Melcher et al. For this same reason, the Court finds that defendant's prejudice argument is weak. Although the Indictment in this action contains four counts, and the Third Superceding Indictment in United States v. Melcher et al. contains five counts, a joint trial would not unduly confuse the jury. Because Faz is a named defendant in United States v. Melcher et al., regardless of whether the two indictments are tried together, the Court will instruct the jury that a finding of "guilty" as to one count charging a co-defendant does not necessarily indicate that Faz (or any other co-defendant) is guilty of a different count.

Finally, the Court addresses defendant's argument that counsel for defendant may have a conflict of interest if the two actions are tried together. According to defendant, "Mr. Faz's current lawyer represented (briefly) one person who might have been a witness to the occurrences making

---

[4] Although Wright focuses on Rule 8(a), the same principle applies with respect to Rule 8(b).

up Counts Four and Five set forth in the Third Superseding Indictment in that case (Docket No. 78 in case 07-CR-18-CVE)." Dkt. # 28, at 5 (emphasis added). Defendant admits the risk of a conflict of interest is low. See id. at 8. The Court finds this possible conflict of interest too remote to change the above analysis.

**IT IS THEREFORE ORDERED** that the Motion to Join Cases (Dkt. # 27) filed by the United States is hereby **granted**.

**DATED** this 21st day of June, 2007.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE